## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**RANDALL GLENN LAY,**

      **Plaintiff,**

**v.**                                        **Case No. 3:12cv83/RV/CJK**

**J. LUNSFORD, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate proceeding *pro se*, has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 21).  Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff's complaint names five defendants–Okaloosa County Sheriff Larry Ashley, Okaloosa County Jail Officer J. Lunsford, Okaloosa County Jail Officer D. Davila, Okaloosa County Jail Officer C. Blacknall, and the City of Crestview and Okaloosa County Sheriff's Department together as a singular defendant.  (Doc. 21, pp. 2-3).  The following facts are gleaned from the second amended complaint.

On August 23, 2010, plaintiff was an inmate at the Okaloosa County Jail, operated by the Okaloosa County Department of Corrections.  (Doc. 21, p. 5). Following a medical visit, plaintiff was escorted back to his cell by defendants Davila and Blacknall.  (Doc. 21, p. 5).  Defendant Lunsford unlocked plaintiff's cell and placed plaintiff "handcuffed and shackled, and defenseless" into the cell.  (Doc. 21, p. 5).  Plaintiff shared his cell with inmates John Ross and Antwan Offord.  After plaintiff entered the cell, inmate Offord struck plaintiff repeatedly "with a piece of jagged metal he had wrapped in a laundry bag." This attack caused plaintiff "serious bodily harm," including lacerations and head injury.  (Doc. 21, p. 6).  Plaintiff avers that inmate Offord has "a history of repeated violence" and was being held at the jail for "a recent act of violence on another inmate."  (Doc. 21, p. 5).  After the attack, personnel took plaintiff to a Crestview urgent care where he received stitches and a tetanus shot.  (Doc. 21, p. 6).

Plaintiff says that the Florida Department of Corrections' "training manual" dictates that "a situation cannot be controlled if you place an inmate in a cell cuffed & shackled, while other inmates are not restrained" and directs officers "to handcuff inmates occupying the cell before removing, or installing other inmates."  (Doc. 21, p. 6).  Plaintiff further posits that all Florida Department of Corrections officers, a category plaintiff says includes Sheriff Ashley, are trained to follow such procedures.

Plaintiff advances liability accusations against each defendant.  Defendant Ashley acted with deliberate indifference because he "allowed staff to go against Florida Corrections training" when they placed plaintiff into a cell handcuffed with unrestrained inmates.  (Doc. 21, p. 6).  Further, Sheriff Ashley "knowingly allowed" his staff to "'continue' to follow the same procedure" after plaintiff was attacked.

(Doc. 21, p. 6).   Defendant Lunsford "created a danger to [plaintiff] when he unlocked the door of [plaintiff's cell]," and allowed officers Davila and Blacknall to place plaintiff, while handcuffed, into the cell.  (Doc. 21, pp. 6-7).  Officer Davila "acted in deliberate indifference when he refused to concur to proper training procedure" by placing plaintiff, still handcuffed, in the jail cell with Offord, a known violent offender.   According to the allegations, defendant Davila's actions were "negligent" because he allowed a shackled inmate to be in the presence of an unshackled inmate and did not supervise them.  (Doc. 21, p. 7).  Officer Blacknall showed deliberate indifference when he failed to follow proper training and procedure and put a handcuffed inmate into a cell with an unrestrained inmate.  (Doc. 21, p. 7).  Finally, Okaloosa County and the Okaloosa County Sheriff's Department "acted in deliberate indifference by not doing routine protocols, and or up-date training practices to insure  inmates safety and staff protocol is executed." (Doc. 21, p. 7).

Based on these allegations, plaintiff claims violations of his Eighth Amendment rights and "gross negligence."   As relief, plaintiff requests the "maximum compensatory and punitive damages from the defendants as permitted by law." (Doc. 21, p. 8).

## DISCUSSION

Because plaintiff is a prisoner, the court is required to dismiss his complaint if the court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim

are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).
*Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether
the complaint states a claim upon which relief may be granted, the court accepts all
factual allegations in the complaint as true and evaluates all reasonable inferences
derived from those facts in the light most favorable to the plaintiff. *Hunnings v.
Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed
if the facts as pleaded do not state a claim to relief that is plausible on its face. *See
Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no
set of facts" language previously used to describe the motion to dismiss standard and
determining that because plaintiffs had "not nudged their claims across the line from
conceivable to plausible, their complaint must be dismissed" for failure to state a
claim). The complaint is also subject to dismissal for failure to state a claim if the
allegations – on their face – show that an affirmative defense bars recovery on
plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001);
*see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798
(2007) (reiterating that principle and providing, as an example, that if a complaint's
allegations show that relief is barred by the applicable statute of limitations, the
complaint is subject to dismissal for failure to state a claim).

The facts as presented in plaintiff's complaint fail to support a viable claim for
relief under § 1983 as to the named defendants. Plaintiff has not pled any facts
demonstrating Sheriff Ashley's direct involvement in the incident. As explained in
this court's previous amend orders (docs. 8, 13), plaintiff cannot hold Sheriff Ashley
individually liable for the alleged misconduct of his subordinates on the basis of
Sheriff Ashley's supervisory role. "It is well established in this Circuit that
supervisory officials are not liable under § 1983 for the unconstitutional acts of their

subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n.58 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008), set forth the limited circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim. The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)).

Plaintiff claims Sheriff Ashley allowed his staff "to go against Florida Corrections training" by placing plaintiff handcuffed into a cell with another unrestrained inmate. Plaintiff also argues Sheriff Ashley's actions constituted deliberate indifference when he "continue[d]" to follow the same procedure after the attack on the plaintiff. (Doc. 21, p. 6). Plaintiff has not pled any facts sufficient to

establish the requisite causal connection to hold Sheriff Ashley liable in his supervisory role.  Plaintiff points to no incidents that would put Sheriff Ashley on notice of any widespread practice of placing handcuffed inmates into cells, resulting in assault by fellow inmates.  *See Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) ("A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the [institution].").  Plaintiff argues only that Sheriff Ashley allowed his staff to continue their conduct *after* plaintiff's attack, not before, and, even then, plaintiff fails to point to any specific incidents occurring after the attack.   Instead, plaintiff makes conclusory assertions in an attempt to impute liability to Sheriff Ashley based on the single incident described in the complaint.  Plaintiff has been advised on several occasions (docs. 8, 13) of the pleading requirements necessary to hold Sheriff Ashley liable in his supervisory capacity and has been unable to amend his complaint accordingly.

As for defendants Lunsford, Davila, and Blacknall, a viable claim under § 1983 requires plaintiff to establish two essential elements:

> 1.  the conduct complained of was committed by a person acting under color of state law; and

> 2.   this conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  "To show a violation of [his] Eighth Amendment rights, Plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the

defendants' deliberate indifference to that risk; and (3) causation." *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005 (quotation omitted).  "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1319-20 (quotations omitted).  Simple negligence is not actionable under § 1983, and a plaintiff must allege "a conscious or callous indifference to a prisoner's rights." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982).  Some of the ways in which prison officials might avoid Eighth Amendment liability is to show: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;" or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1982-83, 128 L. Ed. 2d 56 (1994).

Plaintiff has not pled facts indicating that he had any prior disputes with inmate Offord or that Offord threatened the plaintiff at any point prior to the attack.  Plaintiff has also not advanced facts sufficient to support an assertion that these defendants had subjective knowledge that Offord posed a serious risk of harm to plaintiff's health or safety, much less that the defendants knew of that risk and disregarded it. *See Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (holding that, "[t]he known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference").  Nevertheless, even if the defendants were aware of Offord's "history of repeated violence," such

generalized awareness would not satisfy the "subjective awareness" requirement needed to establish a claim of deliberate indifference.  *See Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (finding that the defendants were aware an inmate had the propensity for being a "problematic inmate," had a "well-documented history of prison disobedience and had been prone to violence," and had "acted crazy, roaming his cell like a 'caged animal,'" but that such "generalized awareness of risk . . . does not satisfy the subjective awareness requirement); *see also Chatham v. Adcock*, 334 F. App'x 281, 293 (11th Cir. 2009) (finding that plaintiff's failure to identify any specific "'serious threat'" from a fellow inmate which he then reported to the defendants did not satisfy "'the subjective awareness requirement,'" despite the inmate being a "'problem inmate' with 'violent tendencies'"); *McBride v. Rivers*, 170 F. App'x 648, 655 (11th Cir. 2006) (finding no deliberate indifference despite the plaintiff informing the defendant that he had problems with a fellow inmate and that he feared for his life and did not want to be put into a cell with the specific inmate, because the plaintiff failed to "identify a specific prior incident, from which the defendant could infer that a substantial risk existed"); *Lavender v. Kearney*, 206 F. App'x 860, 862-63 (11th Cir. 2006) ("Generalized knowledge about an inmate's violent tendencies, without more specific information about the risk, does not constitute deliberate indifference."). Plaintiff has not pled that Offord made a specific threat towards him or that he informed the defendants of such a threat.  Accordingly, defendants' conduct in this instance does not amount to deliberate indifference.  The central liability allegations in this case–charging defendants with improper use or nonuse of restraint devices–are classical negligence-type allegations.  *See Farmer v. Brennan*, 511 U. S. 825, 838 (1970) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation,

cannot . . . be condemned as the infliction of punishment."); *Gooden v. Mormon*, 524 F. App'x 593, 596 (11th Cir. 2013) (observing that an officer's decision to leave inmate handcuffed and unsupervised for several minutes may have been negligent, but "was not deliberately indifferent").

Assuming *arguendo* that the defendants' actions were negligent, "merely negligent failure to protect an inmate from attack does not justify liability under [§] 1983 . . . ." *Carter*, 352 F.3d at 1350; *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1333 (11th Cir. 2013) ("Indeed, '[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety.'" (quoting *Farmer*, 511 U.S. at 834)). Plaintiff, therefore, cannot hold defendants Lunsford, Davila, and Blacknall liable under § 1983.

Finally, plaintiff names the City of Crestview and Okaloosa County Sheriff's Department as defendants. Plaintiff cannot sue the Okaloosa County Sheriff's Department under § 1983. *See Heckman v. Hall*, Case No. 3:07cv268/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007) (finding that under Florida law a sheriff's department is not a property entity for suit in a § 1983 action and citing cases affirming that proposition). As to the City of Crestview, plaintiff does not mention the city in the body of his complaint. "[A] municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city 'custom' or 'policy,' and not simply on the basis of *respondeat superior*." *Brown v. City of Fort Lauderdale*, 923 F.3d 1474, 1480 (11th Cir. 1991). Plaintiff has made no allegation suggesting that the city followed a custom or policy that would result in the alleged claims. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989) ("[A]dequately

trained officers occasionally make mistakes; the fact they do says little about the training program or the legal basis for holding the city liable.").

Plaintiff has had two opportunities to amend his claims. The previous amend orders provided guidance to the *pro se* plaintiff concerning the law governing the types of claims he has purported to advance. Upon consideration of the facts and theories relied upon by plaintiff, the undersigned is of the opinion that plaintiff cannot plead facts upon which his claims may advance in this court.

Accordingly, it is respectfully RECOMMENDED

1. That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 13th day of March, 2014.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**