UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RANDALL GLENN LAY,**

    **Plaintiff,**

v.                        Case No. 3:12cv83/RV/CJK

**J. LUNSFORD, et al.,**

    **Defendants.**
_____/

## ORDER

    At the time relevant to this case, the plaintiff, *pro se*, was an inmate at the Okaloosa County Jail. He has brought this civil action against the City of Crestview, the Okaloosa County Sheriff's Department, Sheriff Larry Ashley, and several individual officers. He alleges gross negligence and a violation of the Eighth Amendment arising from an incident where, after he was put in a cell with two other inmates while he was handcuffed and shackled, he was assaulted by one of those inmates. He contends that this inmate was "known" to be a violent offender. This cause now comes on for consideration upon the magistrate judge's Report and Recommendation dated March 13, 2014 (doc. 22), recommending, *sua sponte*, dismissal of the complaint under Title 28, United States Code, Section 1915(e)(2)(B)(ii). The plaintiff has been furnished a copy of the Report and Recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of the plaintiff's timely filed objections (doc. 25).

    Having considered the Report and Recommendation, and the objections thereto, I have determined that the Report and Recommendation should be adopted. The Eleventh Circuit has recently said that deliberate indifference in the prisoner-on-prisoner violence context requires the following: "'(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is *more* than gross negligence.'" Harrison v. Culliver, --- F.3d ---, 2014 WL 1304010, at *5 (11th Cir. April 2, 2014) (emphasis added). Although it is an unpublished decision, Gooden v.

Mormon, 524 Fed. Appx. 593 (11th Cir. July 31, 2013) is very similar. The plaintiff-inmate there, as here, was assaulted after he was left in his cell with other inmates while he (the plaintiff) was still wearing handcuffs. The plaintiff alleged there, as here, that the defendant-officers should have known they were exposing him to serious risk of injury insofar as the inmates were known to have been "in a hostile mood" and had "made aggravating remarks." The district court dismissed the complaint *sua sponte* after initial screening and the plaintiff appealed. The Court of Appeals held that the complaint was properly dismissed absent any allegations that the officers had "subjective knowledge" that the plaintiff could be seriously harmed, and merely putting him handcuffed in a cell with other inmates who were known to be "aggravated" and "in a hostile mood" did not constitute such knowledge. Thus, the court said, while the decision to leave the plaintiff alone with the inmates while he was handcuffed "may have been negligent . . . [it was] not deliberately indifferent." Id. at 596. Therefore, the plaintiff's Eighth Amendment claim must fail.

To the extent the plaintiff is alleging gross negligence as a separate state law claim (and not merely as part of his Eighth Amendment deliberate indifference claim), the Eleventh Circuit has specifically "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

3. The clerk is directed to close the file.

**DONE AND ORDERED** this 18th day of April, 2014.

*/s/ Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**